IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FLOYD E. McNEAL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2565-KHV |
| **MACIE HOUSTON, Regional Director,** ) | |
| **United States Department of Housing** ) | |
| **and Urban Development,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Floyd McNeal, *pro se*, brings suit against Macie Houston, regional director of the United States Department of Housing and Urban Development ("HUD") alleging violations of the First and Fourteenth Amendments. This matter comes before the Court on Defendants' Motion To Dismiss (Doc. #9) filed February 20, 2007, and Defendants' Motion To Grant Their Motion To Dismiss As Uncontested Pursuant To D. Kan. Rule 7.4 (Doc. #14) filed April 2, 2007. Plaintiff has not responded to the motion to dismiss. Pursuant to D. Kan. Rule 6.1(d)(2), plaintiff had until March 15, 2007 to file a response. Pursuant to D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For this reason and substantially the reasons stated in Defendants' Memorandum In Support Of Their Motion To Dismiss (Doc. #10) filed February 20, 2007, the Court sustains the motion.[1]

---

[1] Because plaintiff has not filed a timely response to the motion to dismiss, the Court sustains defendants' motion to grant the motion to dismiss as uncontested. As explained below, however, the Court finds that the motion to dismiss should also be granted on its merits, regardless of
(continued...)

To the extent that plaintiff sues defendant in her official capacity as regional director of HUD, his claims are actually claims against HUD itself. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (official capacity claims treated as claims against government entity). Such claims are barred by the doctrine of sovereign immunity, which strips the Court of jurisdiction unless such immunity is waived. See Parker v. Bancoklahoma Mortgage Co., 25 F.3d 1058 (Table), 1994 WL 170789, at *2 (10th Cir. May 5, 1994) (as agency of United States, HUD entitled to sovereign immunity); see also Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994) (absent waiver, sovereign immunity shields federal government and its agencies from suit; bar is jurisdictional); United States v. Mitchell, 463 U.S. 206, 212 (1981) (federal government's consent to suit prerequisite to jurisdiction). Here, plaintiff does not allege any facts by which the Court might find that HUD has waived its sovereign immunity.[2] See Parker, 1994 WL 170789, at *2 (plaintiff must identify statute which specifically and unequivocally waives sovereign immunity). Plaintiff's official capacity claims are therefore dismissed under Rule 12(b)(1), Fed. R. Civ. P.

Further, even if the Court were to reach the merits of plaintiff's official capacity claims, it is clear that the complaint fails to state claim on which relief can be granted. Plaintiff asserts a violation

---

[1](...continued)
plaintiff's failure to respond.

[2] The Court notes that under 42 U.S.C. § 1404a, "[t]he Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937." This provision has been interpreted as a limited waiver of sovereign immunity where an award of money damages "would be payable from funds already allocated to HUD and, therefore severed from general treasury funds." Weaver v. City of Topeka, No. 94-4224-SAC, 1995 WL 783628, at *4 (D. Kan. Dec. 12, 1995). Here, plaintiff does not allege that his recovery would be separate from the public treasury, and the Court therefore defers to the fundamental proposition that "[a]s a general matter, the United States has not waived its sovereign immunity for constitutional torts." Parker, 1994 WL 170789, at *2.

of the First Amendment, but does not allege any conduct by which defendant denied him any rights guaranteed under the First Amendment. Plaintiff also asserts a violation of the equal protection clause of the Fourteenth Amendment.[3] To state an equal protection claim, plaintiff must allege that the government treated him differently than similarly situated individuals because of his membership in a protected class. See Delkah v. Moore, No. 04-2543-KHV, 2006 WL 1320255, at *7-8 (D. Kan. May 15, 2006). At best, plaintiff has alleged that defendant treated him differently because he is a convicted felon, which is not a suspect class for equal protection purposes. Woodruff v. Wyoming, 49 Fed. Appx. 199, 203 (10th Cir. 2002). Because convicted felons do not constitute a suspect class, in order to state an equal protection claim, plaintiff must allege that HUD's policies do not bear a rational relationship to a legitimate state interest. Id. Plaintiff has made no such allegation. Thus, even if the Court were to reach the merits of plaintiff's official capacity claims, it would dismiss those claims under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

To the extent that plaintiff sues defendant in her individual capacity under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), he has not alleged her personal participation in any constitutional violation and the complaint therefore fails to state a claim on which relief can be granted. See Punchard v. U.S. Bureau of Land Mgmt., 180 Fed. Appx. 817, 819 (10th Cir. 2006) (citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003)). Plaintiff's individual capacity claims are therefore dismissed under Rule 12(b)(6).

---

[3] The equal protection clause of the Fourteenth Amendment applies to the federal government through the Fifth Amendment due process clause. Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1152 (10th Cir. 1999).

of the First Amendment, but does not allege any conduct by which defendant denied him any rights guaranteed under the First Amendment. Plaintiff also asserts a violation of the equal protection clause of the Fourteenth Amendment.[3] To state an equal protection claim, plaintiff must allege that the government treated him differently than similarly situated individuals because of his membership in a protected class. See Delkah v. Moore, No. 04-2543-KHV, 2006 WL 1320255, at *7-8 (D. Kan. May 15, 2006). At best, plaintiff has alleged that defendant treated him differently because he is a convicted felon, which is not a suspect class for equal protection purposes. Woodruff v. Wyoming, 49 Fed. Appx. 199, 203 (10th Cir. 2002). Because convicted felons do not constitute a suspect class, in order to state an equal protection claim, plaintiff must allege that HUD's policies do not bear a rational relationship to a legitimate state interest. Id. Plaintiff has made no such allegation. Thus, even if the Court were to reach the merits of plaintiff's official capacity claims, it would dismiss those claims under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

To the extent that plaintiff sues defendant in her individual capacity under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), he has not alleged her personal participation in any constitutional violation and the complaint therefore fails to state a claim on which relief can be granted. See Punchard v. U.S. Bureau of Land Mgmt., 180 Fed. Appx. 817, 819 (10th Cir. 2006) (citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003)). Plaintiff's individual capacity claims are therefore dismissed under Rule 12(b)(6).

---

[3] The equal protection clause of the Fourteenth Amendment applies to the federal government through the Fifth Amendment due process clause. Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1152 (10th Cir. 1999).

**IT IS THEREFORE ORDERED** that Defendants' Motion To Grant Their Motion To Dismiss As Uncontested Pursuant To D. Kan. Rule 7.4 (Doc. #14) filed April 2, 2007 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' Motion To Dismiss (Doc. #9) filed February 20, 2007 be and hereby is **SUSTAINED**.

Dated this 5th day of April, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

4